USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JUAN CARLOS DIAZ BRAVO,

                Plaintiff,

       -v-

BROADWAY FINES DELI CORP. et al.,

                Defendants.
------------------------------------------------------------- X

21-CV-1946 (VSB)

ORDER

VERNON S. BRODERICK, United States District Judge:

      The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 17.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). For the reasons stated herein, I find that the proposed settlement is not fair and reasonable, and it is therefore DENIED.

    **I.**    **Legal Standard**

      To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or

1

collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Id.* at 597.

## II. Discussion

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Such overbroad releases "highlight[] the potential for abuse in such settlements, and underscore[] why judicial approval in the FLSA setting is necessary." *Cheeks*, 796 F.3d at 206. "In the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (internal quotation marks omitted). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are limited to the claims at issue in this action." *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (internal quotation marks omitted).

The parties' proposed settlement agreement contains a provision that releases Defendants:

> from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement, which [Plaintiff] [has] or may have against [Defendants], and also covenant not to file any claim or suit and generally and fully waive all claims, including, but not limited to, the claims contained in the Complaint."

2

(Doc. 17-1, at 1.) The agreement then lists a panoply of potential causes of action, which the agreement notes are non-exhaustive, that Plaintiff is barred from bringing against Defendants. (*Id.* at 1–3.)

The parties label this provision as a "Mutual Release of All Claims," and indeed the agreement releases Plaintiff from any and all future claims that Defendants might bring. (*Id.* at 3.) Although some courts in this District have approved release provisions on the basis of their mutuality, *see, e.g.*, *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016), the parties offer no basis for finding that this release provision provides Plaintiff any benefit, comparable or otherwise. "The fact that the general release is styled as mutual, although favoring the settlement, does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee." *Gurung*, 226 F. Supp. 3d at 229; *see also Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at *2 (S.D.N.Y. May 16, 2017).

I cannot approve a settlement agreement with such an overbroad release, as proposed here. As such, the proposed settlement agreement fails *Cheeks* review.

### III. Conclusion

The settlement agreement of the parties is hereby DENIED.

The parties may file a revised settlement agreement twenty-one (21) days from the date that this Order is filed.

SO ORDERED.

Dated: July 2, 2021
        New York, New York

_____
Vernon S. Broderick
United States District Judge