# SETTLEMENT AGREEMENT

Juan Carlos Diaz Bravo, on the one hand, and Broadway Finest Deli Corp and Ali Musand, on the other hand, agree that:

1. **Definition of Parties.**

    (a) "Releasors" is defined as Juan Carlos Diaz Bravo and includes each of his present or former spouse(s), creditors, dependents, executors, administrators, heirs, dependents, successors and assigns. If an obligation or right is that of Juan Carlos Diaz Bravo alone, he will be referred to as "Plaintiff";

    (b) "Released Parties" is defined to include Ali Musand and Broadway Finest Deli Corp. and its present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities.

2. **The Parties' Commitments.** In exchange for the promises set forth in paragraph "4" below, Plaintiff agrees to draft and jointly, with Released Parties, submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims that Releasors on the one hand and Released Parties on the other hand have or may have in the future against each other through the date of execution of this Agreement, including but not limited to the claims Plaintiff has asserted in the matter of <u>Juan Carlos Diaz Bravo v. Broadway Finest Deli Corp and Ali Musand</u>, case no. 21-01946 (VSB) pending in the United States District Court Southern District of New York.

3. **Release of All Wage and Hour Claims.**

    (a) Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended ("FLSA"), and related regulations, the New York Labor Law ("NYLL") and related regulations promulgated by the NYS Commissioner of Labor, for any and all wage-and-hour claims and claims of retaliation pursuant to the FLSA and NYLL arising out of Plaintiff's employment with Broadway Finest Deli Corp, up to and including the date Plaintiff executes this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasors may assert anywhere in the world against the Releasees, including by not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, back pay, liquidated damages, interest, under any federal, state or local laws ("Wage and Hour Claims").

(b) <u>Collective/Class Action Waiver</u>. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Released Parties are a party. In the event any class or collective action is brought against Released Parties, which includes or may include Plaintiff, upon learning of any of Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(c) Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believe to exist with respect to his released claims. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

(d) Plaintiff shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against the other party arising out of or relating to any allegation or claim released by this agreement, unless directed by court order or subpoena.

4. **Consideration.**

(a) Prior to the execution of this Agreement, Broadway Finest Deli Corp. and Ali Musand have caused to be paid $20,000 into the escrow account of their counsel, Milman Labuda Law Group PLLC which amount shall be transferred to Plaintiff's counsel upon approval by the United States District Court Southern District of New York (the "Court") of this Agreement and then distributed by Plaintiff's counsel as follows ("Payment"):

(i) $13,334 to Juan Carlos Diaz Bravo; and

(ii) $6,666 to Michael Faillace & Associates, P.C. for attorneys' fees and costs.

(b) The Payment is in consideration of a complete settlement, release and waiver of all claims, known or unknown, asserted or unasserted, that Releasor may have against Released Parties.

(c) Regardless of any tax withholding or other deductions, Plaintiff must ensure that all of his tax obligations relating to the Payment properly are paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of the Payment, such taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Plaintiff, who agrees to hold harmless and indemnify Released Parties from any tax-related liability.

5. **Settlement Approval.**

Plaintiff shall draft and, upon approval of same by Broadway Finest Deli Corp. and Ali Musand, shall file a motion for court approval which shall be submitted to the Court. Plaintiff will only submit said motion for approval to the Court once Defendants' counsel has advised Plaintiff that they have received the Payment, and that it has cleared their escrow account. This Agreement

is contingent upon the Court's approval of this Agreement and dismissal of the Complaint, with prejudice.

      6. **No Other Entitlement**.

      (a) Plaintiff further affirms that as a result of this Agreement, he: (i) has been paid and has received all compensation, wages, bonuses, commissions, benefits and/or other monies to which he is entitled from Released Parties and that no leave (paid or unpaid), compensation, wages, or benefits is due to him from Released Parties; (ii) has been paid in full for all hours worked; and (iii) is not entitled to any monies, relief or recovery whatsoever, except as set forth in paragraph "4" of this Agreement.

      (b) Plaintiff further affirms that he has no known workplace injury or occupational disease for which a claim for workers' compensation benefits could be made or an award of benefits could be issued against Released Parties as of the date of execution of this Agreement.

      7. **Non-Admission of Wrongdoing**. Released Parties deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Released Parties. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Released Parties of guilt or noncompliance with the wage and hour laws.

      8. **No Reemployment**. Plaintiff hereby waives any and all rights to reinstatement or re-employment by Broadway Finest Deli Corp., and its parents, subsidiaries, affiliates, successors and assigns, or divisions, or any business owned by Ali Musand, and he will not in the future ever seek reemployment in any position with Broadway Finest Deli Corp. and it parents, subsidiaries, affiliates, successors and assigns, or divisions or any business owned by, nor will he seek or apply for any such employment either directly or indirectly through an employment agency, temporary agency, or third party.

      9. **Resolution of Disputes.** Any controversy or claim relating to this Agreement shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

      10. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

11. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

12. **Entire Agreement.**

(a) This Agreement represents the complete understanding among the Parties with respect to all claims that Plaintiff on the one hand, and Released Parties on the other hand have or may assert against each other and shall be interpreted under New York law, without regard to its conflict or choice of law provisions.

(b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement.

(c) Plaintiff, Broadway Finest Deli Corp., and Ali Musand acknowledge they have not relied on any representation, promise, or agreement of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

13. **Competence to Waive Claims.** Plaintiff, Broadway Finest Deli Corp., Ali Musand are competent to affect a knowing and voluntary release of all claims and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle his claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasors.

14. **Execution.**

(a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, Michael Faillace & Associates, P.C. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Released Parties. Plaintiff selected his counsel voluntarily.

(b) Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Released Parties to execute this Agreement.

(c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding until after this agreement is executed by Plaintiff, Broadway Finest Deli Corp., Ali Musand and the Agreement is approved by the Court.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, JUAN CARLOS DIAZ BRAVO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 7/8, 2021   By: *Juan Carlos Diaz*
Juan Carlos Diaz Bravo

BROADWAY FINEST DELI CORP.

Dated: 7/14/21, 2021   By: _____

Dated: 7/14/21, 2021   By: _____
Ali Musand, Individually

5