UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JUAN CARLOS DIAZ BRAVO,                                     :
:
                     Plaintiff,    :
:         21-CV-1946 (VSB)
     -v-                                                   :
:         ORDER
:
BROADWAY FINES DELI CORP. et al.,                           :
:
                     Defendants.   :
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/4/2021

VERNON S. BRODERICK, United States District Judge:

      The parties have advised me that they have reached an amended settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Docs. 17, 19.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because several terms of the settlement are inappropriate as part of a settlement under the FLSA, I find that the settlement of the parties is once again not fair and reasonable, and it is therefore DENIED.

    **I.**    **Legal Standard**

      To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the [plaintiff's] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid

anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

**II.     Discussion**

On June 29, 2021, the parties submitted their proposed settlement agreement, along with a letter detailing why they believe the agreement reached in this action, and the contemplated

attorney's fees, are fair and reasonable.  (Doc. 17.)  On July 2, 2021, I denied approved for the parties' settlement agreement, on grounds that the agreement had an overbroad release.  (Doc. 18.)  I directed the parties to file a revised settlement agreement within 21 days of my order, if they still intended to settle.  (*Id.*)  On July 23, 2021, the parties submitted a revised settlement agreement.  (Doc. 19.)

"Courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA."  *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19-CV-8216 (KMK), 2020 WL 5894603, at *5 (S.D.N.Y. Oct. 5, 2020) (internal quotation marks omitted).  "Such bars on reemployment conflict with the FLSA's primary remedial purpose."  *Bonaventura v. Gear Fitness One NY Plaza LLC*, No. 17 Civ. 2168 (ER), 2021 WL 1907368, at *1 (S.D.N.Y. Apr. 12, 2021) (internal quotation marks omitted).

Here, the revised settlement agreement includes a provision stating that "Plaintiff hereby waives any and all rights to re-instatement or re-employment by Broadway Finest Deli Corp., and its parents, affiliates, successors and assigns, or divisions, or any business owned by [individual Defendant] Ali Musand."  (Doc. 19 ¶ 8.)  Such a reemployment ban is particularly inappropriate here, where "Plaintiff has provided not a shred of explanation—and no cases—to justify inclusion of such a provision."  *Zekanovic*, 2020 WL 5894603, at *5 (internal quotation marks omitted).

The revised settlement agreement is also likely impermissible because of the collective and class action waiver.  The settlement agreement provides that "Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding" against Defendants, and that if

3

such an action is brought against Defendants, "Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery." (Doc. 19 ¶ 3(b)). This waiver is overbroad because it is not "limited to participation in a proceeding against defendants that arises under the FLSA," and instead "waive[s] [Plaintiff's] right to participate in all proceedings against defendants, no matter the claim," provided they are brought on behalf of a putative class or collective. *Yunda v. SAFI-G, Inc.*, No. 15 Civ. 8861 (HBP), 2017 WL 1608898, at *4 (S.D.N.Y. Apr. 28, 2017). I also note here that the parties have not attempted to demonstrate that this type of waiver is appropriate under the circumstances of their proposed settlement.

This is the second time in less than a month that the parties have submitted a settlement agreement that plainly conflicts with the prevailing law in this Circuit. Plaintiff's counsel is one of the most prolific filers of FLSA actions in this District, and at a minimum, clearly should be aware that both these proposed agreements are impermissible. Indeed, Plaintiff's counsel has had many settlement agreements in other cases in this District rejected explicitly on grounds that a reemployment ban was impermissible under FLSA. *See Martinez Aguilar v. VBFS Inc.*, No. 19-CV-621 (JLC), 2020 WL 1036071, at *1 (S.D.N.Y. Mar. 3, 2020); *Cruz v. Relay Delivery, Inc.*, No. 17-CV-7475 (JLC), No. 18-CV-3052 (JLC), 2018 WL 4203720, at *1 (S.D.N.Y. Sept. 4, 2018); *Ortiz v. My Belly's Playlist LLC*, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017); *Guzman v. Kahala Holdings, LLC*, No. 15 Civ. 9625 (HBP), 2017 WL 4748389, at *2 (S.D.N.Y. Oct. 18, 2017). While the parties are permitted to re-apply for settlement approval, subject to the conditions listed below, they should no longer be afforded stay of any deadlines in this case.

Accordingly, it is hereby:

ORDERED that approval of the settlement agreement of the parties (Doc. 19) is hereby DENIED.

IT IS FURTHER ORDERED that Defendants are directed to answer or otherwise respond to the complaint by September 5, 2021.

IT IS FURTHER ORDERED that if the parties intend to re-apply for approval of a settlement that complies with FLSA, they are permitted to do so only if they (1) submit a new and revised letter explaining with citations to authority why the settlement terms are fair and reasonable, (2) include a revised settlement agreement that corrects the problems identified in this Order, as well as any other provisions that I have not identified but which might also be unlawful for settlement agreements under FLSA, and (3) address, with citations to authority, why any provisions in the revised settlement agreement that might be objectionable under the case law in this Circuit are in fact permissible under the circumstances presented by the settlement.

SO ORDERED.

Dated:   August 4, 2021
         New York, New York

_____
Vernon S. Broderick
United States District Judge