UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                        :
JUAN CARLOS DIAZ BRAVO,                                 :
                                                        :
                               Plaintiff,               :
                                                        :
            -v-                                         :
                                                        :
                                                        :
BROADWAY FINES DELI CORP. et al.,                       :
                                                        :
                               Defendants.              :
------------------------------------------------------------ X

```
┌────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #: _____           │
│ DATE FILED: ___8/23/2021___     │
└────────────────────────────────┘
```

21-CV-1946 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

      The parties have advised me that they have reached a second revised settlement agreement in this Fair Labor Standards Act ("FLSA") case.  (Doc. 21.)  Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).  For the reasons stated herein, I find that the settlement of the parties is fair and reasonable and therefore approve it.

      I.      **Legal Standard**

      To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the [plaintiff's] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or

collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II.     Procedural History

On June 29, 2021, the parties submitted their first proposed settlement agreement, along with a letter detailing why they believe the agreement reached in this action, and the contemplated attorney's fees, were fair and reasonable.  (Doc. 17.)  On July 2, 2021, I denied approved for the parties' settlement agreement, on grounds that the agreement had an overbroad release.  (Doc. 18.)  On July 23, 2021, the parties submitted a revised settlement agreement.  (Doc. 19.)  On August 4, 2021, I again denied approval for the proposed settlement, on grounds that the agreement had an

improper reemployment ban and a categorical collective and class action waiver.  (Doc. 20.)  In that order, I set a deadline for Defendants to answer or otherwise respond to the complaint, and stated that the parties could apply for approval of a different settlement agreement only if they (1) submitted a new and revised letter explaining with citations to authority why the settlement terms were fair and reasonable; (2) included a second revised settlement agreement that corrected the problems previously identified, as well as any other provisions that I had not identified but which might also be unlawful for settlement agreements under FLSA; and (3) addressed, with citations to authority, why any provisions in the revised settlement agreement that might be objectionable under the case law in this Circuit are in fact permissible under the circumstances presented by the settlement.  (*Id.*)  On August 11, 2021, the parties submitted a second revised settlement agreement and revised letter explaining why the settlement terms are fair and reasonable.  (Doc. 21.)

**III.**    **Discussion**

I have reviewed the second revised settlement agreement and supporting evidence in order to determine whether the terms are fair, reasonable, and adequate.  I believe that they are and therefore approve the settlement agreement of the parties.

**A.**    *Settlement Amount*

I first consider the settlement amount.  The agreement provides for the distribution to Plaintiff of $20,000, inclusive of attorney's fees and expenses.  (Doc. 21-1.)  Counsel represents that Plaintiff believes he is entitled to $61,980, including unpaid wages and related damages.  (Doc. 21, at 2.)  While the settlement amount is therefore only a fraction of the total amount Plaintiff claims is owed to him, the parties argue that this settlement is fair in light of the litigation and collection risks particular to this case.  Specifically, Defendants "contest[] the hours that Plaintiff claimed he worked," representing "that they had witnesses willing to testify Plaintiff worked less than he alleged."  (*Id.*)  Further, the parties have raised concerns that Defendants—who run a small

business that has been harmed financially during the COVID-19 pandemic—have limited funds to pay a larger settlement. (*Id.*) I also note that since this case is in its relatively early stages there would be significant costs of continued litigation, which militate in favor of settlement.

Further, I am satisfied that the second revised settlement agreement has no objectionable provisions that would render the agreement unreasonable under FLSA. The parties have removed all the problematic terms from the previous two proposed settlement agreements. In the second revised agreement Plaintiff provides a release from "any and all wage-and-hour claims pursuant to the FLSA and [New York Labor Law] arising out of Plaintiff's employment] with the corporate Defendant." (Doc. 21-1 ¶ 3.) Such a limited release specifically directed at federal and state wage and hour claims is permissible because "[i]n FLSA settlement agreements, a plaintiff may release any and all wage-and-hour claims that are at issue or could have been at issue in the instant litigation." *Brittle v. Metamorphosis, LLC*, No. 20 Civ. 3880 (ER), 2021 WL 606244, at *4 (S.D.N.Y. Jan. 22, 2021); *see also Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-CV-7131 (KMK), 2021 WL 38264, at *5 (S.D.N.Y. Jan. 5, 2021) ("[C]ourts have held that in a FLSA settlement, the release must generally be limited only to wage and hour claims."); *Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018) ("All the released claims are related to wage-and-hour or other employee-benefits issues and are sufficiently narrow so as to survive judicial scrutiny"). This term is thus permissible here.

My prior denials of the settlement agreement speak for themselves, (*see* Doc. 20, at 4), but the proposed settlement amount has remained the same throughout all three proposed settlement agreements, and I find no evidence of fraud or collusion. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

## B.    *Attorney's Fees*

I next consider the attorney's fees contemplated in the settlement agreement.  The attorney's fees sought are $6,666.  The attorney's fees represent approximately one-third of the total $20,000 settlement amount.  As an initial matter, courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.  *See Pinzon*, 2018 WL 2371737, at *3 ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp*., No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)).  While this case is still at an early stage, it is clear that Plaintiffs' counsel has expended time on at least the following:  drafting the complaint, preparing research on the claims at issue, and negotiating and executing the settlement. (*See* Doc. 17-2.)  Moreover, because hourly rates of approximately $175 to $350—depending on experience—for attorneys working on FLSA litigation are typically approved in this District, *see, e.g.*, *Pinzon*, 2018 WL 2371737, at *2; *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.*, No. 15-CV-3811, 2015 WL 7288654, at *5 (S.D.N.Y. Nov. 17, 2015) (awarding fees to Plaintiff's counsel of $175/hour of junior associate time); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507–08 (S.D.N.Y. 2012) (awarding fees to Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Wong v. Hunda Glass Corp.*, No. 09-CV-4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (awarding $350/hour to attorneys with twelve years' experience), a one-third award is far from a windfall for Plaintiffs' counsel, but instead represents modest compensation for the work put into this case.

Further, Plaintiff's counsel's lodestar in this case is $3,262.  (Doc. 21, at 3.)  Plaintiff's counsel is thus requesting fees that are just higher than two times the lodestar, which is acceptable in this District.  *See Sakikio Fujiwara v. Sushi Yasuda, Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (noting that "a [lodestar] multiplier near 2 should, in most cases, be sufficient compensation

for the risk associated with contingent fees in FLSA cases"); *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at \*20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar.") (collecting cases).

Finally, I note that Plaintiff's counsel is requesting the same number in fees as they did in the previous two applications for settlement approval—meaning that they will not receive additional funds for their revisions to the proposed settlement agreement, which would be inappropriate. Based on this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

**IV.    Conclusion**

For the reasons stated above, I find that the parties' proposed settlement agreement is fair and reasonable.  The settlement agreement of the parties is hereby APPROVED.

The Clerk of Court is directed to terminate any open motions and close this case.

SO ORDERED.

Dated:        August 23, 2021
              New York, New York

                         Vernon S. Broderick
                         United States District Judge